(No. 78-CC-1325 —

ROBERT CLADWELL, Claimant, *v.* STATE OF ILLINOIS, Respondent.

PER CURIAM.

The record in this cause indicated the purpose of the expenditure by the Department of Transportation for which this claim was filed was set forth in Case #AA-105-78 before the Civil Service Commission of the State of Illinois and therein the commission held the petitioner was improperly classified as a Clerk IV when in fact the proper classification should have been Safety Responsibility Analyst I.

The Attorney General filed an extensive Memorandum of Law to which this Court subscribes, in the main. The text of the Memorandum with certain deletions by the Court, is as follows:

"This claim arises out of an employee request for a job audit and reallocation to a higher job classification, and subsequent claim for retroactive salary commensurate with a retroactive reallocation.

The Claimant in the case at bar pursued his request for reallocation through the remedy provided by the Civil Service Commission where he was found to have been entitled to be reallocated.

Following the Civil Service Commission ruling, the Department of Personnel determined the Claimant to be entitled to certain back pay and arranged for payment of retroactive salary differential for the then current fiscal period and instructed him that he would have to go to the Court of Claims for the differential falling in the lapsed fiscal period.

The amount claimed is $812.00 and is from the

period of time April 16, 1977 through June 30, 1978.

Ill. Rev. Stat., Ch. 127, Para. 145 provides as follows:

"*Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee* from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations, *which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made, except that wage payments made pursuant to the application of the prevailing rate principle or based upon the effective date of a collective bargaining agreement* between the State, or a State agency and an employee group shall not be construed as an additional payment for work already performed." (Emphasis added.)

The first part of the above cited statute is a clear and unequivocal prohibition of any additional payments "for work already performed" for payroll periods "for which remuneration had already been made," and presumably accepted, while the latter portion makes two exceptions to the general prohibition. The two exceptions are the retroactive payment to tradesmen who are paid in accordance with the pay scale prevailing in the geographic area of their employment, and the second exception has to do with claims for retroactive pay "based upon the effective date of a collective bargaining agreement."

Neither of these exceptions are involved in this case. This case involves an administrative error in failing to properly classify and compensate the Claimant for the work performed.

It is the position and opinion of the Attorney General that it was not the intent of the Legislature that *para. 145 of Ch. 127* bar this Court from granting recoveries in cases arising out of grievances for reallocation or reclassification.

This Court has in the past granted awards for retroactive salary adjustment in cases involving clerical errors in either the calculation of a payroll voucher or where an automatic annual pay increase was erroneously missed.

In the case of *Poskus v. State of Illinois, 26 Ill.Ct.Cl. 107,* this Court awarded a half-time doctor a retroactive salary adjustment, after quoting from para. 145, stating in part:

"Nowhere is it contended that Claimant is requesting additional compensation for services performed, or that he has performed extra services. He is not asking payment for more than was appropriated, or for more than his contract of employment specifically provided, i.e., half the salary of a full-time physician. Because the contract of work was in a definite amount, and the sum paid to him by Respondent was admittedly below this amount, it cannot be contended that he was 'apparently paid for services in full.' Respondent's agents have clearly established that the sole reason for the nonpayment of the requested amount was a mistake. They have further established that Claimant was entitled to the sum of $1,812.25, which would have been paid to him but for Respondent's mistake. Respondent cannot profit from its own errors."

In the case at bar, not only should this claim be awarded because of the State's error in allocation but it should be granted because it is not prohibited by Ch. 127, para. 145.

As stated earlier, it is the opinion of the Attorney General that the Legislature did not intend that para. 145 of Ch. 127 provide a means by which errors, either clerical or otherwise, made by the State work for the benefit of the State at the expense of its employee.

A cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the Legislature enacting a law. *Electrical Contractors Association of the City of Chicago v. Illinois Building Authority, 33 Ill. 2d, 587.* Where an employee is erroneously allocated to a lower paying position than his duties call for, he is being erroneously paid too

low a salary and has, therefore, not been previously paid for services performed. As such retroactive payments would not be payments 'for which remuneration had already been made' the exclusion contained in *para. 145* would not apply.

After having reviewed the record in this matter including the joint stipulation of the parties, we find that Claimant is entitled to back salary in the gross amount of $812.00 plus employer contributions of $63.01 for a total employee benefit of $875.01 which should be disbursed by the Comptroller and credited as follows:

The Claimant is, therefore, granted an award by this Court in the amount of $812.00 gross salary plus fringe benefits as set forth above.